Ou v. Garland

BIA
Christensen, IJ
A205 899 030

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of February, two thousand twenty-two.

PRESENT:
> GERARD E. LYNCH,
> RAYMOND J. LOHIER, JR.,
> WILLIAM J. NARDINI,
>> *Circuit Judges.*

_____

XIA OU,
> *Petitioner,*

v.                                              19-3928
                                                NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:            Adedayo O. Idowu, Esq., New York, NY.

FOR RESPONDENT:            Jeffrey Bossert Clark, Acting Assistant Attorney General; Justin

Markel, Senior Litigation Counsel; Nancy Friedman, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xia Ou, a native and citizen of the People's Republic of China, seeks review of a November 8, 2019 decision of the BIA affirming a February 8, 2018 decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xia Ou*, No. A205 899 030 (B.I.A. Nov. 8, 2019), *aff'g* No. A205 899 030 (Immig. Ct. N.Y. City Feb. 8, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances presented here, we review both the BIA's and the IJ's decisions. *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d

67, 76 (2d Cir. 2018) (reviewing adverse credibility determination for substantial evidence).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's . . . written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor."  8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

Here, substantial evidence supports the IJ's adverse credibility determination.  As an initial matter, the agency reasonably relied on the record of Ou's asylum interview because it "contain[s] a meaningful, clear, and reliable summary of the statements made . . . at the interview."

*Diallo v. Gonzales*, 445 F.3d 624, 632 (2d Cir. 2006) (quotation marks omitted). It shows an interpreter was present and that Ou had a lawyer who helped her prepare an application.

Ou gave inconsistent accounts in her testimony, asylum interview, and application regarding how many times she was pregnant, whether she had a miscarriage, and when her son was born. *See Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."); *Xiu Xia Lin*, 534 F.3d at 167 (allowing agency to rely on cumulative effect of even minor inconsistencies).

The agency was not required to accept Ou's explanations that she was nervous at her interview and could not remember what she said in her interview, whether she had another pregnancy that ended in miscarriage, or when her son was born. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled*

4

to credit his testimony." (quotation marks omitted)).

Moreover, Ou did not rehabilitate her credibility with reliable corroboration. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate h[er] . . . testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). Ou's son's birth certificate was inconsistent with her initial testimony regarding his date of birth. *See Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence."). Her medical records from 2011 did not resolve the inconsistencies regarding the number of pregnancies she had or confirm that she had a child a year earlier. And the agency was not required to credit letters from her mother and aunts. *See id.* at 334 (upholding BIA's decision to afford little weight to letter from applicant's spouse in China); *Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010) (finding letters from relatives and friends did not provide substantial support for claim where authors were

5

"interested witnesses . . . not subject to cross-examination"), *overruled on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012).

In sum, the inconsistencies and lack of reliable corroboration provide substantial evidence for the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief are based on the same discredited factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court